# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| OLIVIA COPE, on behalf of herself and all others similarly situated, known and unknown, | ) ) ) |
| Plaintiff, | ) Case No. 6:16-cv-03050-SRB ) ) |
| v. | ) ) |
| LET'S EAT OUT, INCORPORATED d/b/a BUFFALO WILD WINGS, JEREMY BOYER, individually, JAMES BRUNO, Individually, BRUNO MANAGEMENT COMPANY, INC., BRUNO ENTERPRISES, INC. TOO, WING BACKS, INC., SOONERS OR LATER, INC., HOT TEX, INC., and SPREADING OUR WINGS, INC. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER PRELIMINARILY APPROVING SETTLEMENT AGREEMENT FOR CLASS AND COLLECTIVE ACTION CLAIMS, APPROVING FORM OF CLASS NOTICE TO CLASS MEMBERS AND NOTICE OF SETTLEMENT TO OPT-IN PLAINTIFFS, APPOINTING SETTLEMENT ADMINISTRATOR, AND SCHEDULING HEARING FOR FINAL APPROVAL**

Plaintiff Olivia Cope (herein "Class Representative") has requested that the Court enter an order preliminarily approving the settlement of this Litigation as stated in the Class and Collective Action Settlement Agreement ("Settlement" or "Settlement Agreement"), which, together with the exhibits attached thereto, sets forth the terms and conditions for a proposed settlement and dismissal of the Litigation.  (Doc. #315).  Defendants do not oppose preliminary approval of the Settlement.

After having read and considered the Settlement Agreement, the exhibits attached to it, and the briefing submitted in support of preliminary approval of the Settlement, the Court preliminarily approves the Parties' Settlement as fair, reasonable and adequate and Orders as follows:

1. The Court finds that notice of the Settlement to the Class Members is justified because the Parties have shown that the Court will likely be able to approve the Settlement Agreement under Rule 23(e)(2) and will likely be able to certify the Settlement Classes for purposes of judgment, since the Classes were already certified during the course of the litigation.

2. The Court finds that it will likely be able to certify the following Settlement Classes pursuant to Fed. R. Civ. P. 23:

   a. All current and former servers and bartenders working at any of Defendants' Buffalo Wild Wings restaurants in Missouri who, at any time from February 10, 2014 until May 31, 2015, were paid sub-minimum, tip-credit rates of pay (the "Missouri Minimum Wage Act Class"); and

   b. All current and former servers and bartenders working at any of Defendants' Buffalo Wild Wings restaurants who, at any time from February 10, 2011 until May 31, 2015, were paid sub-minimum, tip-credit rates of pay (the "Missouri Common Law Class").

These Settlement Classes are proper and coextensive with the Classes that were previously certified by this Court pursuant to Rule 23 on May 10, 2017. ECF No. 172. The Court specifically finds that with regard to the Settlement Classes under Rule 23, (i) both Classes are so numerous that joinder is impracticable; (ii) common questions of fact and law exist; (iii) the Class Representative's claims are typical of the Class Members' claims; and (iv) the Class Representative will be able to fairly and adequately protect the interests of the Class Members. In addition, the Court finds that, with regard to the Classes, questions of law or fact common to each Class predominate over questions affecting individual members, and a class action is superior to other available methods. Certification of the Settlement Classes for settlement purposes is the best means for protecting the interests of all of the Class Members.

3. The Court finds that it will likely be able to approve the Settlement Agreement under Rule 23(e)(2) because the Settlement is the result of arm's-length negotiations between

experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

4. The Court also finds that the Settlement Agreement provides adequate relief to the Class Members considering the costs, risks, and delay associated with trial and appeal as well as the effectiveness of the proposed distribution of settlement payments to Class Members. The Court further finds that preliminary approval of the Settlement is supported by the terms of the proposed Attorneys' Fee award, which is a significantly discounted portion of Class Counsel's lodestar.

5. The Settlement Agreement treats Class Members equitably relative to each other, since settlement payments for the Missouri Minimum Wage Act Class Members are calculated ratably. Likewise, the Missouri Common Law Class Members who indicate that they experienced a customer walk-out or cash register shortage on their Claim Form will each receive the same amount based on the average value of customer walkouts and cash register shortages and the average number of such occurrences, as calculated in Plaintiff's expert report. The Court approves the formulas for allocation of settlement payments set forth in the Settlement Agreement as a fair and reasonable method for calculating and distributing the settlement payments to the Class Representative, Class Members, and Opt-in Plaintiffs.

6. Douglas M. Werman, Sarah J. Arendt, and Zachary C. Flowerree of Werman Salas P.C. and Rowdy B. Meeks of Rowdy Meeks Legal Group LLC shall serve as Class Counsel and Plaintiff Olivia Cope shall serve as the Class Representative.

7. The Court approves RG2 Claims Administration LLC to act as the Settlement Administrator pursuant to the Settlement Agreement.

8. The Court approves, as to form and content, the Notice of Settlement attached as Exhibit C to the Settlement Agreement, and the Class Notice and Claim Form attached as Exhibit

D to the Settlement Agreement. The Notice of Settlement shall be issued to Opt-in Plaintiffs who are not Class Members. The Class Notice and Claim Form Shall be issued to Class Members, including those who are also Opt-in Plaintiffs. The Court finds that the distribution of the Class Notice and the Notice of Settlement as set forth in Section IV.12.b of the Settlement Agreement: (1) meets the requirements of federal law and due process; (2) is the best notice practicable under the circumstances; and (3) shall constitute due and sufficient notice to all individuals entitled thereto.

9. Within sixty (60) days of the initial mailing of the Class Notice, Class Members who wish to receive a settlement award must fill out and return a Claim Form, either electronically or by mail, to the Settlement Administrator.

10. A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved, shall be held before this Court on September 5, 2019, at 10:00 a.m. in Courtroom 7B of the U.S. District Court for the Western District of Missouri, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, Missouri, 64016. At the hearing, the Court will hear final arguments concerning whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court. The Court will also hear at that time any timely objections submitted by Class Members and shall also consider Class Counsel's request for an award of Attorneys' Fees and Costs and for a Service Award for the Class Representative.

11. Any Settlement Class Member may enter an appearance in the Litigation, at his or her own expense, individually or through counsel of his or her own choice. Any Class Member who does not enter an appearance or exclude himself or herself from the Settlement Class will be represented by Class Counsel.

12. Any Class Member may appear at the Final Approval Hearing and show cause, if any, why: (1) the proposed Settlement of the Litigation should or should not be approved as fair, reasonable, and adequate; (2) why a judgment should or should not be entered thereon; (3) why attorney's fees and costs should or should not be awarded to Class Counsel; and/or (4) why the Class Representative should or should not receive extra compensation in the form of a Service Award. However, no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, a Service Award to the Class Representative and attorney's fees and costs to Class Counsel, unless that person has, no later than sixty (60) days after the initial mailing of the Class Notice to Class Members, served by mail written notice of the Class Member's intention to appear at the Final Approval Hearing and written objections and copies of any papers and briefs in support thereof on the Settlement Administrator and the Clerk of the Court. The Court will consider and rule upon all timely filed objections at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Settlement Agreement, any Service Award awarded to the Class Representative, and any award of attorney's fees and costs awarded to Class Counsel, unless otherwise ordered by the Court.

13. All papers in support of the Settlement shall be filed no later than seven (7) days before the Final Approval Hearing.

14. At the Final Approval Hearing, the Court shall determine whether the proposed Settlement, and any application for a Service Award and Attorney's Fees and Costs, shall be approved.

15. The Court reserves the right to adjourn the date of the Final Approval hearing without further notice to the Class Members and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: April 17, 2019