IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| OLIVIA COPE, on behalf of herself and all others similarly situated, known and unknown, | )<br>)<br>) |
| Plaintiff, | ) Case No. 6:16-cv-03050<br>)<br>) |
| v. | )<br>) |
| LET'S EAT OUT, INCORPORATED d/b/a BUFFALO WILD WINGS, JEREMY BOYER, individually, JAMES BRUNO, Individually, BRUNO MANAGEMENT COMPANY, INC., BRUNO ENTERPRISES, INC. TOO, WING BACKS, INC., SOONERS OR LATER, INC., HOT TEX, INC., and SPREADING OUR WINGS, INC. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**AMENDED ORDER GRANTING FINAL APPROVAL OF SETTLEMENT**

On September 5, 2019, the Court heard an Unopposed Motion for Final Approval of Class and Collective Action Settlement by Named Plaintiff Olivia Cope ("Class Representative"), on behalf of herself, the Opt-in Plaintiffs, and two classes of similarly-situated employees. The Court has read and considered the Motion, the supporting memorandum of law, and other related materials submitted by the Class Representative, has heard the Parties' presentation at the hearing on final approval, and is otherwise fully informed with respect to the premises supporting final approval;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.     Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Class and Collective Action Settlement

Agreement ("Settlement Agreement"). The terms of the Settlement Agreement (ECF No. 316-2) are hereby incorporated by reference into this Order.

2. This Court has jurisdiction over the subject matter of this action and over all Parties to the action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, including the Opt-in Plaintiffs and the Class Members, certified by Order dated May 10, 2017. (ECF No. 172).

3. The Class Members as defined in the Order Preliminarily Approving the Settlement Agreement (ECF No. 317) are co-extensive with the classes previously certified by the Court on May 10, 2017 (ECF No. 172) and are as follows:

> a. All current and former servers and bartenders working at any of Defendants' Buffalo Wild Wings restaurants in Missouri who, at any time from February 10, 2014 until May 31, 2015, were paid sub-minimum, tip-credit rates of pay (the "Missouri Minimum Wage Act Class"); and
>
> b. All current and former servers and bartenders working at any of Defendants' Buffalo Wild Wings restaurants who, at any time from February 10, 2011 until May 31, 2015, were paid sub-minimum, tip-credit rates of pay (the "Missouri Common Law Class").

4. The Court finally approves the Settlement Agreement and the Settlement of the Missouri Minimum Wage Act Class and the Missouri Common Law Class claims as fair, reasonable, and adequate. Defendants shall pay a total of $650,000.00, plus the employers' share of payroll taxes as set forth in the Settlement Agreement, to resolve this litigation.

5. The Court finds that no Class Member excluded himself or herself from the Settlement following the issuance of Class Notice and no Class Member objected to the Settlement. The absence of any objections to the Settlement by Class Members supports approval of the Settlement.

6. The Settlement of the Fair Labor Standards Act collective action is approved as a fair and equitable resolution of a *bona fide* wage and hour dispute. The Settlement is also a fair, reasonable, and adequate resolution of the class action claims. The Settlement is equitable to all

parties and is the result of arm's length negotiations by experienced counsel after extensive discovery and motion practice. Settlement was reached weeks before trial on a class-wide basis was scheduled to begin and after Defendants informed Class Counsel that Defendants intended to file for bankruptcy to avoid the trial of this matter. Thus, the stage of the litigation and the risks of proceeding to trial warrant approval of the Settlement. Likewise, the Settlement has the support of Class Counsel and Defendants' Counsel, both of whom have significant experience representing parties in complex class actions.

7. The formula for allocation of Settlement Payments as set forth in the Settlement Agreement is approved as a fair, equitable, and reasonable measure for calculating and distributing the settlement payments to the Class Representative, Opt-in Plaintiffs, and Class Members.

8. The Notice of Settlement sent to Opt-in Plaintiffs and the Class Notice and Claim Form sent to Class Members via First Class Mail and electronic mail adequately informed the Opt-in Plaintiffs and the Class Members of the terms of the Settlement Agreement, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and appear and be heard at the Final Approval Hearing. The Notice of Settlement and Class Notice and Claim Form also adequately informed Opt-in Plaintiffs and Class Members of additional resources available to obtain further information, including the telephone number of Class Counsel and the Settlement Administrator. The Court finds that the Notice of Settlement and Class Notice and Claim Form satisfied the requirements of Rules 23(c)(2)(B) and 23(e)(1).

9. At the timing specified in the Settlement Agreement, Defendants shall deposit into the Qualified Settlement Fund Four Hundred and Seventy-Five Thousand Dollars ($475,000.00), plus the employers' share of payroll taxes.

10. RG2 Claims Administration LLC shall be paid the sum of $22,017.00 from the Qualified Settlement Fund for the services it performs in connection with the administration of this Settlement and the maintenance of the Qualified Settlement Fund.

11. The Court approves the Service Award in the amount of $7,500.00 to the Class Representative, for her service to the collective and the Class Members, including time and effort spent conferring with Class Counsel, filing and pursuing the action, attending a mediation, answering written discovery, sitting for a deposition, and in recovering wages on behalf of the Opt-in Plaintiffs and Class Members.

12. The Settlement includes an award of reasonable attorneys' fees and the Court grants Class Counsel's request for $190,000.00 in attorneys' fees to be paid from the Qualified Settlement Fund as set forth in the Settlement Agreement. Defendants shall also pay additional attorneys' fees in the amount of $150,000.00 directly to Class Counsel from outside the Qualified Settlement Fund in monthly payments of $5,000.00 over the course of thirty (30) months. Class Counsel shall report to the Court any uncashed settlement checks with 180 days and seek approval for those checks to be converted into attorney fees.

13. The requested attorneys' fees, which equal approximately 18.7% of Class Counsel's lodestar, are reasonable. *See, e.g. In re Xcel Energy, Inc., Sec., Derivative, & ERISA Litig.*, 364 F. Supp. 2d 980, 1004, n.10 (D. Minn. 2005) (negotiated attorneys' fees were reasonable because they resulted in counsel receiving less than half of their lodestar).

14. Class Counsel's request for reimbursement of out-of-pocket expenses incurred in prosecuting this case in the amount of $83,631.47 is granted. The Court finds these costs to be reasonably incurred.

15. Within 10 days of the date this Final Approval Order is entered, Defendants shall transfer $475,000.00, plus the employers' share of payroll taxes as calculated by the Settlement Administrator, into the Qualified Settlement Fund.

16. Starting in the sixth month after the entry of this Order, Defendants shall wire payments of $5,000.00 to Class Counsel on the first day of each month for thirty (30) months. This payment of $150,000.00 shall constitute the remainder of the Court-approved attorneys' fees to Class Counsel.

17. This matter is hereby dismissed, *without prejudice.* The Court shall retain jurisdiction over this case to enforce the terms of the Settlement Agreement. If no motion to enforce is filed within 21 days of Defendants' thirtieth (30th) $5,000.00 monthly payment to Class Counsel, which shall be made on or before August 1, 2022, the dismissal shall automatically convert to a dismissal *with prejudice.*

18. The Parties shall otherwise abide by all terms of the Settlement Agreement, which is incorporated herein.

**IT IS SO ORDERED.**

      /s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: Sept. 6, 2019